IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAVIER RENTERIA,

       Plaintiff,

v.                                                                              No. 1:23-cv-01093-KK-JHR

LIBERTY MUTUAL PERSONAL
INSURANCE COMPANY,
LIBERTY MUTUAL GROUP, INC.,
LIBERTY MUTUAL INSURANCE COMPANY,
ONESPAN, INC., and
ONESPAN NORTH AMERICA, INC.,

       Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART THE ONESPAN DEFENDANTS' MOTION TO SEAL [DOC. 195]**

THIS MATTER comes before the Court on Defendants OneSpan, Inc. and OneSpan North America, Inc.'s ("OneSpan Defendants") *Notice of Motion and Motion for Leave to File Under Seal; Memorandum of Points and Authorities* ("motion to seal"). [Doc. 195]. Renteria filed a response [Doc. 203] and the OneSpan Defendants filed a reply [Doc. 207]. The Court, having reviewed the briefing, case record, and applicable law, GRANTS IN PART and DENIES IN PART the motion to seal.

## I.      PROCEDURAL BACKGROUND

This suit concerns the validity of an electronic signature on a waiver of uninsured/underinsured motorist coverage. [Doc. 1, at 6–8]. After Renteria suffered a severe car accident in 2022, his insurer, Liberty Mutual, denied benefits on the grounds of that signed waiver. *Id.* Renteria alleged the waiver's signature was inauthentic and brought against Liberty Mutual a series of contract, tort, and statutory claims. *Id.* at 13–24. As the parties engaged in discovery, the Court entered a stipulated protective order on May 31, 2024. [Doc. 43]. On December 2, 2024,

1

Renteria filed an amended complaint that included new claims against the OneSpan Defendants, who created and licensed the electronic signature platform used by Liberty Mutual for Renteria's contract. [Doc. 79].

On January 27, 2025, the OneSpan Defendants moved to dismiss the claims against them for lack of personal jurisdiction. [Doc. 99]. The OneSpan Defendants argued they did not have sufficient contacts with New Mexico, which Renteria disputed. [Docs. 99, 104]. On March 5, 2025, Renteria moved the Court to permit limited jurisdictional discovery, and the Court granted the motion on July 22, 2025. [Docs. 110, 127]. The Court found there was a dispute of material fact over the extent of the OneSpan Defendants' involvement in Liberty Mutual's integration and operation of the OneSpan platform in its New Mexico insurance contracts. [Doc. 127]. The Court issued a scheduling order on August 18, 2025, and Renteria and the OneSpan Defendants began jurisdictional discovery. [Doc. 135]. On March 13, 2026, Renteria filed a motion for summary judgment on personal jurisdiction, and on March 27, 2026, the OneSpan Defendants renewed its motion to dismiss. [Docs. 187, 191].

On the same day as his motion for summary judgment, Renteria filed an unopposed motion to file under seal three exhibits and an unredacted version of his summary judgment motion. [Doc. 188]. The three exhibits—Exhibits 7, 8, and 9—come from Liberty Mutual's customer file with OneSpan. *See* [Doc. 195, at 4–5]. Renteria stated that while he did not take a position on whether the Court should seal these documents, he moved to do so because of the exhibits' confidentiality designations and to "comply with the Protective Order's procedural requirements." *Id.* at 1.[1] The Court permitted Renteria to provisionally file the exhibits and unredacted summary judgment

---

[1] Renteria later moved unopposed to seal the same exhibits and unredacted motion for summary judgment, as he had erroneously filed them as attachments to the first motion to seal. [Doc. 200].

2

motion under seal, reserving its decision on whether to require permanent sealing until it made a final ruling on personal jurisdiction. [Doc. 201 text only].

On March 27, 2026, the OneSpan Defendants moved to file under seal an unredacted response to Renteria's summary judgment motion and its Software License and Maintenance Agreement ("Agreement") with Liberty Mutual. [Doc. 195]. The OneSpan Defendants submitted the Agreement as an exhibit for the declaration of Francois Leblanc, the Director of Technical Sales for OneSpan Canada Inc., in support of the OneSpan Defendants' motion to dismiss. [Doc. 193, 197].

## II.    BRIEFING SUMMARY

The OneSpan Defendants argue that sealing their summary judgment response brief and the Agreement is necessary to protect confidential and proprietary information about OneSpan's electronic signature platform. [Doc. 195, at 4–6]. The OneSpan Defendants state their summary judgment response brief refers to Exhibits 7–9 from Liberty Mutual's customer file, which contain confidential communications between them and Liberty Mutual about "technical questions," details of Liberty Mutual's "account settings," OneSpan's "customer support processes," and nonparties' personally identifiable information. *Id.* Similarly, the Agreement "reflects the confidential and proprietary contractual terms" between OneSpan and Liberty Mutual that OneSpan's competitors could exploit. *Id.* at 6. In addition, the OneSpan Defendants argue the documents have minimal relevance to whether the Court can exercise personal jurisdiction over them. *Id.* at 7. In light of these considerations, the OneSpan Defendants assert their request to seal is justified and narrowly tailored. *Id.*

Renteria responds that the OneSpan Defendants failed to defeat the presumption of public access to judicial documents. [Doc. 203, at 3]. Renteria argues Exhibits 7–9 and the Agreement are central to the issue of personal jurisdiction and sealing them would hamstring the Court's

ability to "publicly analyze whether OneSpan purposefully directed conduct at New Mexico." *Id.* at 2. As support, Renteria asserts the exhibits from Liberty Mutual's customer file demonstrate OneSpan had "exclusive, personal control" over account configurations for its electronic signature platform in Liberty Mutual's New Mexico insurance contracts. *Id.* In addition, Renteria argues the OneSpan Defendants offered only speculative justifications for sealing the Agreement when redactions could preserve the privacy of the pricing information therein. *Id.* at 3–5.

The OneSpan Defendants reply that Exhibits 7–9 and the Agreement do not support Renteria's personal jurisdiction arguments and therefore have no relevance. [Doc. 207, at 1]. The OneSpan Defendants further argue that Renteria's response tacitly concedes that sealing is appropriate based on his cited caselaw and willingness to accept some redactions. *Id.* at 2–3.

### III.    APPLICABLE LAW

Under common law, documents filed in judicial proceedings are "presumptively available to the public." *Elevate Fed. Credit Union v. Elevations Credit Union*, 67 F.4th 1058, 1083 (10th Cir. 2023) (quoting *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997)).[2] However, public access to judicial documents is not absolute. *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013). A party may move to seal a court filing if it can show it has significant privacy interests that "heavily outweigh" the public's interest. *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012). The movant's interest in confidentiality must be "real and substantial," and the movant cannot rely on broad or conclusory statements. *Elevate Fed. Credit Union*, 67 F.4th at 1083, 1085 (internal quotation omitted); *Brigham v. Frontier Airlines, Inc.*, 57 F.4th 1194, 1202–

---

[2] An open question remains in the Tenth Circuit regarding the extent, if any, to which the First Amendment creates rights of access to judicial documents beyond the common law. *McVeigh*, 119 F.3d at 811–12; *McWilliams v. Dinapoli*, 40 F.4th 1118, 1130 n.8 (10th Cir. 2022). However, Renteria does not base any argument on the First Amendment, so the Court proceeds on the common law. *See United States v. Bacon*, 950 F.3d 1286, 1293 n.3 (10th Cir. 2020).

03 (10th Cir. 2023). In addition, the movant must demonstrate why redacting the confidential information, rather than sealing the filing in its entirety, would not adequately protect its privacy interests. *Pickard*, 733 F.3d at 1304.

If the movant seeks to seal a filing that materially impacts the court's resolution of the parties' substantive legal rights, a "particularly" strong presumption of public access attaches. *Pickard*, 733 F.3d at 1302; *accord Colony Ins. Co.*, 698 F.3d at 1242. However, if the filing or some information contained therein is incidental to the legal issues in dispute, the presumption against sealing amounts to a "prediction of public access absent a countervailing reason." *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)). The determination of whether a party has met its burden to justify sealing will depend on the facts and circumstances of the individual case and is entrusted to the court's discretion. *See Pickard*, 733 F.3d at 1302.

## IV.    ANALYSIS

First, the Court will permit the OneSpan Defendants to maintain their unredacted summary judgment response brief under provisional seal. The Court has already permitted the provisional seal of Exhibits 7–9 and the unredacted version of Renteria's summary judgment motion. [Doc. 201 text only]. Because the Court reserved ruling on the permanent sealing of these documents, allowing or disallowing the permanent sealing of OneSpan's response brief referencing the same documents would undermine that prior order. The Court will reserve ruling on the permanent sealing of the response brief until it decides on the permanent sealing of Exhibits 7–9 and the summary judgment motion.

Second, the Court will not permit the OneSpan Defendants to file the Agreement under seal. The Court begins with the presumption that judicial documents must be publicly accessible. *Elevate Fed. Credit Union*, 67 F.4th at 1083. In addition, the Court finds that a heightened

5

presumption attaches because of the Agreement's relevance to the parties' dispute over personal jurisdiction. *Colony Ins. Co.*, 698 F.3d at 1241. The contractual relationship between the OneSpan Defendants and Liberty Mutual, and what role each party played in the operation of OneSpan's electronic signature platform, was the basis of the Court's grant of jurisdictional discovery and is material to whether the Court may exercise personal jurisdiction over the OneSpan Defendants. While the OneSpan Defendants argue the Agreement contains no provision that would support a finding of personal jurisdiction, that would not make the Agreement irrelevant even if true. Instead, the Agreement's relevance would be to the OneSpan Defendants' position on personal jurisdiction by demonstrating their lack of involvement in the execution of Liberty Mutual's insurance contracts.

Therefore, the OneSpan Defendants must articulate a strong and substantial interest that heavily outweighs the presumption of public access. *See Elevate Fed. Credit Union*, 67 F.4th at 1083. This Court and others have recognized private commercial data—for example, pricing, customer leads, profits and expenses, or confidential details about a product's design and function—can warrant sealing. *Oliver v. Meow Wolf, Inc.*, No. 20-cv-00237, 2022 WL 4132706, at *4–5 (D.N.M. Sep. 12, 2022); *Jonna v. GIBF GP, Inc.*, No. 22-cv-10208, 2023 WL 3244832, at *3 (E.D. Mich. May 4, 2023); *Fireworks Spectacular, Inc. v. Pyrotechnics, Inc.*, 147 F. Supp. 2d 1057, 1066 (D. Kan. 2001). However, in these cases the movant sought to protect specific data or provisions that, while not critical to the parties' legal disputes, could be used by competitors to copy the movant's products or practices, strategize against the movant's business plan, or undermine the movant's negotiating position in future deals. *See Oliver*, 2022 WL 4132706, at *5 (adopting proposed redactions); *Jonna*, 2023 WL 3244832, at *3–4; *Wolverine Fuels Sales, LLC v. Phx. Coal Sales, Inc.*, No. 25-cv-00104, 2025 WL 642908, at *2 (D. Utah Feb. 27, 2025).

Here, the OneSpan Defendants make no specific reference to what provisions in its Agreement warrants protection except for their platform's pricing and "licensing." [Doc. 195, at 5]; [Doc. 207, at 2]. Otherwise, the OneSpan Defendants rest on vague and conclusory statements of "confidential information" and "competitive detriment" without discussing any other provision in the Agreement. *See Finer Living, LLC v. Kazes*, No. 25-cv-00169, 2025 WL 4276620, at *7 (D. Wyo. Oct. 16, 2025). Because the OneSpan Defendants failed to specify which provisions would hurt its competitive position and how, the OneSpan Defendants failed to meet their "heavy burden" to seal the Agreement in its entirety. *See Elevate Fed. Credit Union*, 67 F.4th at 1083.

However, the OneSpan Defendants may redact the provisions of the Agreement referring to the electronic signature platform's pricing. Courts have permitted the sealing of such information when it had little relevance to the case, such as here. *E.g.*, *Wolverine Fuels Sales*, 2025 WL 642908, at *2. Therefore, the Court will permit the OneSpan Defendants to file the Agreement with appropriate redactions.

## V.    <u>CONCLUSION</u>

For the reasons above, the Court GRANTS IN PART and DENIES IN PART the OneSpan Defendants' motion to seal [Doc. 195]. The OneSpan Defendants may maintain its response to Renteria's summary judgment motion [Doc. 198] under provisional seal until the Court decides whether to permit permanent sealing. *See* [Doc. 201 text only]. Within **fourteen (14) days** of this Order, the OneSpan Defendants shall file its Software License and Maintenance Agreement publicly, with redactions permitted for the electronic signature platform's confidential pricing.

IT IS SO ORDERED.

_____
HON. JERRY H. RITTER
United States Magistrate Judge

7